(No. 2030— )

EMIL LANGER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 9, 1934.*
*Rehearing denied November 13, 1934.*

BARR & BARR, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Plaintiff, on December 19, 1932, filed his claim for injuries received while employed as an engineer on September 11, 1929. The declaration alleges that claimant was working in the Division of Waterways in the construction of the Illinois deep waterway at the lock and dam at Brandon Road, near Joliet, Illinois; that while operating a motor or engine which drove a conveyor, it was necessary for claimant to walk back and forth on an elevated platform; that the platform fell, causing claimant to drop a distance of approximately twelve feet, whereby he was injured; that said employment was a hazardous one within the meaning of the Workmen's Compensation Act and that the injury sustained by him constituted a permanent, partial disability within the meaning of the Compensation Act and arose out of and in the course of his employment as an engineer employed by the State in the Division of Waterways of the Department of Purchases and Construction; for which injuries claimant asks an award of Ten Thousand Dollars ($10,000.00) from the State.

A motion to dismiss the claim has been filed by the Attorney General, because the declaration shows that the injury occurred September 11, 1929, and the claim was not filed until December 19, 1932, and because such claim is therefore barred under the provisions of Section 24 of the Workmen's Compensation Act and the holdings of this court, as expressed in *Crabtree* vs. *State,* 7 C. C. R., 207. Claimant, in his reply brief, contends that the fact that the claimant was employed on the Illinois Waterway exempts him from the limitations expressed in said Section 24. Counsel for claimant, in their reply brief, quote Section 23 of the Waterway Act, wherein it is said that,

"Such damages to persons who are employees to be ascertained, determined and fixed *as provided in this Act.*"

But Section 25 of the Waterway Act provides that,

"The State shall be liable for accidental injuries or death suffered by any employee arising out of and in the course of his employment, the amount of such liability to be ascertained by reference to the provisions of the Act commonly called 'The Workmen's Compensation Act'. The Court of Claims shall have and exercise jurisdiction over all claims for compensation hereunder and shall make and file its finding and determination in each case."

While the Waterway Act, in Section 23, states that the damages are to be ascertained, determined and fixed as provided in such Act, no provisions are made by which such ascertainment or determination is to be arrived at, except by the reference to the Workmen's Compensation Act and the Court of Claims Act as found in Section 25 of the Waterway Act.

The court cannot concur in the further contention of plaintiff that the limitations of Section 24 of the Workmen's Compensation Act do not apply to this claim by reason of the fact that claimant was employed in the construction of the Illinois Waterway system and that by the terms of the later Act (Section 25, Paragraph 115, Chap. 19, Cahill's Illinois Revised Statutes, 1933), that the Workmen's Compensation Act shall be referred to by the Court of Claims *only* for the purpose of ascertaining the amount of the award.

The Illinois Waterway Act was passed, and approved June 17, 1919. Prior to the time of its passage the Legislature had already provided for the hearing of all claims by this

court against the State of Illinois. By Section 23 of the Waterway Act, the liability of the State for damages to real estate or personal property by reason of the construction, maintenance or operation of the Illinois Waterway and its appurtenances was made specific. By Section 24 all claims for damages to property or persons other than employees of the State were made determinable by the Department of Public Works and Buildings. It was apparently the desire of the Legislature to make clear its intention that claims for damages by employees engaged in the waterway project should be left in the forum of this court for determination. As above stated, it is provided in said Section 25, that

"The Court of Claims shall have and exercise jurisdiction over all claims for compensation hereunder."

There is nothing contained in the wording of said section or anywhere in the Waterway Act which indicates that the court in exercising such jurisdiction should give to employees of the Illinois Waterway any different consideration in regard to the requirements of notice and filing claim and other provisions of the Workmen's Compensation Act than those applied to all other employees.

There is no conflict between the Court of Claims Act, the Workmen's Compensation Act and the Waterway Act, and the only question is as to whether there is any wording contained in said Section 25 of the Waterway Act which would indicate that a different rule should be applied by the Court of Claims in passing upon claims for compensation made thereunder than is applied to other claims for compensation by other injured State employees.

The legislative Act by which this court exists, provides that

"The Court of Claims shall hear and determine the liability of the State for accidental injuries or death * * * by *any* employee; further that such determination shall be made in accordance with the rules * * * of the Workmen's Compensation Act."

Section 6 Court of Claims Act.

There is nothing in Section 25 of the Waterway Act that repeals, adds to or modifies this enactment. It is provided in Section 25 that,

"The amount of such liability shall be ascertained by the Court of Claims by reference to the provisions of * * * the Workmen's Compensation Act."

but one cannot read into that language any intent to repeal or modify the existing law under which the Court of Claims hears compensation cases.

As there are no limitations provided for in the Waterway Act, except by reference to the Workmen's Compensation Act and the Court of Claims Act, there would be, under the theory advanced by counsel for claimant, no limitations of time of any kind within which an employee engaged in the Illinois Waterway construction work should be filed. Even the five year limitation prescribed by the Court of Claims rules would not apply and such claimant could file his claim irrespective of how many years had passed since the purported accident occurred. The court cannot approve such a construction of the several Acts.

It appears from the record herein that no claim for compensation was made within six months after the accident and that no application for compensation was filed in this court within one year after such accident. Under the provisions of the Waterway Act, this court is to find the amount due the claimant. The court finds that there is no amount due, because of a failure of the injured employee to bring himself within the classification for the allowance of an award, by reason of his failure to comply with the provisions of Section 24 of the Workmen's Compensation Act.

Motion to dismiss allowed.

JUSTICE HOLLERICH, dissenting:

I dissent for the reasons set forth in *Kump* vs. *State*, No. 1881, *ante*.

C. N. HOLLERICH, Chief Justice.